MARY'S OPINION HEADING 








NO. 12-09-00153-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

BRANDON DEWAYNE
TYLER,                §                      APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER CURIAM

Brandon Dewayne Tyler appeals his
conviction for aggravated robbery following the revocation of his deferred
adjudication community supervision, for which he was sentenced to imprisonment
for twenty-five years.  Appellant=s counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss the appeal.

 

 

Background

Appellant was charged by indictment with
aggravated robbery and pleaded “guilty.”  The trial court deferred adjudicating
Appellant Aguilty@ and sentenced
Appellant to community supervision for ten years.  On February 24, 2009, the
State filed a motion to proceed to final adjudication alleging that Appellant
had violated certain terms and conditions of his community supervision. 
Specifically, the State alleged that Appellant had, among other violations, (1)
been convicted of felonies and misdemeanors in Oklahoma and (2) failed to
complete his community service.  Thereafter, the trial court conducted a
hearing on the State’s motion.  After the hearing, the trial court found that
Appellant had violated certain of the terms and conditions of his community
supervision as alleged in the State’s motion.  Following a trial on punishment,
the trial court revoked Appellant’s community supervision, adjudicated Appellant
“guilty” of aggravated robbery, and sentenced Appellant to imprisonment for
twenty-five years.  This appeal followed. 

Analysis Pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State. Appellant=s
counsel states that he has diligently reviewed the appellate record and is of
the opinion that the record reflects no reversible error and that there is no
error upon which an appeal can be predicated.  He further relates that he is
well acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant=s
brief presents a chronological summation of the procedural history of the case
and further states that Appellant=s
counsel is unable to raise any arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found none.

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for
leave to withdraw.  See also In re Schulman, 252 S.W.3d 403, 407
(Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for
consideration with the merits.  Having done so and finding no reversible error,
Appellant=s counsel=s
motion for leave to withdraw is hereby granted and the
appeal is dismissed.[2]

Opinion
delivered March 30, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

(DO
NOT PUBLISH) 

 









[1] In his motion to withdraw,
counsel for Appellant stated that he provided Appellant with a copy of this
brief.  Appellant was given time to file his own brief in this cause.  The time
for filing such a brief has expired and we have received no pro se brief.





[2] Counsel has a duty to, within five days of the date
of this opinion, send a copy of the opinion and judgment to Appellant and
advise him of his right to file a petition for discretionary review.  See
Tex. R. App. P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review
of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review on his behalf or he must
file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court.  See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Texas Rule of Appellate Procedure 68.4. 
See In re Schulman, 252 S.W.3d at 408 n.22.